**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEREMY E. RILEY,

      Petitioner - Appellant,

v.

IMMIGRATION &
NATURALIZATION SERVICE, The
District Director, District 19,

      Respondent - Appellee.

No. 01-1250

---

JEREMY E. RILEY,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 02-9531

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (No. 01-1250)
(D.C. No. 00-D-1775)
and
PETITION FOR REVIEW OF AN ORDER FROM THE
IMMIGRATION & NATURALIZATION SERVICE (No. 02-9531)
(A27-591-887)

---

Jeffrey Dean Joseph, Denver, Colorado, for Petitioner-Appellant.

Michelle E. Gorden (Papu Sandhu, Senior Litigation Counsel, with her on the brief in 01-1250, and Donald E. Keener, Deputy Director, with her on the brief in 02-9531), Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

---

Before **BRISCOE**, **McWILLIAMS**, and **McKAY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

In these consolidated immigration cases, Petitioner-Appellant Jeremy E. Riley appeals the district court's May 9, 2001, denial of his petition for a writ of habeas corpus and petitions for review of the Board of Immigration Appeals' May 2, 2002, decision denying his motion to reconsider his deportation proceedings.

Appellant is a native of Egypt and a citizen of Lebanon. He was ordered deported from the United States in 1991 based on charges that he remained in the United States longer than the time permitted under his non-immigrant visitor's visa. He appealed. Appellant's proceedings were then continued indefinitely pending his opportunity to apply for temporary protected status. In 1994, the United States Immigration and Nationalization Service moved to reinstate the appeal. In 1998, the motion was granted and the Board of Immigration Appeals

dismissed the appeal. The BIA held that Appellant had failed to establish past persecution, a well-founded fear of persecution, or a clear probability of persecution on account of a protected ground specified in the Immigration and Nationality Act. Appellant did not petition for review of this decision; therefore, the Order of Deportation became final in 1998.

In 1999, the INS issued a letter directing Appellant to report for deportation. He did not do so. The INS then went to his home and arrested him. Appellant was in custody for over two years. While in custody, Appellant refused to cooperate with the INS to facilitate his return to Lebanon. At the time of oral argument and the date of this decision, Appellant is under supervised release and has apparently begun to cooperate with the INS.

In 2000, Appellant submitted a letter to the INS requesting the INS to join in a motion to re-open and remand his administrative case to the BIA and also requested that the INS grant him supervised release from custody. In the letter, Appellant claimed that his prior counsel's performance was ineffective because counsel did not prove Appellant's eligibility for asylum and because counsel did not file the suspension of deportation application until 1995 (when he could have filed it as early as 1992). The INS refused to join in the motion.

On September 8, 2000, Appellant filed a Petition for a Writ of Habeas Corpus seeking review of his immigrant detention pending his deportation from

the United States. Appellant also challenged the INS's refusal to join in a motion to re-open his deportation case so that he could pursue his application for suspension of deportation, and he alleged that counsel had been ineffective during his deportation proceedings. The district court held that Appellant's detention was not unconstitutional in light of Ho v. Green, 204 F.3d 1045 (10th Cir. 2000), overruled in part by Zadvydas v. Davis, 121 S. Ct. 2491, 2497 (2001). The court also ruled that Appellant's refusal to assist the INS justified his continuous detention. Finally, the court held that the INS's refusal to join a motion to re-open did not violate due process because there is no right or entitlement to such relief. Appellant appealed to this court challenging the district court's denial of habeas corpus.

In April 2002, while the habeas appeal was pending with this court, Appellant filed a motion to re-open with the BIA alleging ineffective assistance of counsel. The BIA denied the appeal on May 2, 2002. Appellant appealed to this court the BIA's failure to consider his motion to re-open. We consolidated the two appeals for argument.

We first consider whether the district court erred in concluding that it had habeas corpus jurisdiction to consider Appellant's challenges to his final deportation order. We then address whether the district court properly denied the petition on the merits. We review the district court's denial of habeas corpus *de*

-4-

*novo*.  Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001).

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that a criminal alien could use § 2241 to collaterally challenge a final order of removal. Today we address whether § 2241 is also available to non-criminal aliens.  The Second and Third Circuits have both addressed this question and held "that federal courts retain § 2241 habeas jurisdiction over petitions from criminal and non-criminal aliens alike."  Liu v. INS, 293 F.3d 36, 37 (2d Cir. 2002) (citing Chmakov v. Blackman, 266 F.3d 210, 215 (3d Cir. 2001)).  The INS urges us in the opposite direction to decide that St. Cyr narrowly held that there is § 2241 jurisdiction to review criminal aliens' challenges to their final deportation orders but that it does not apply more broadly to non-criminal aliens.  We cannot agree.

It is well settled that "Congress must articulate specific and unambiguous statutory directives to effect a repeal [of habeas jurisdiction]."  St. Cyr, 533 U.S. at 299.  There is a "strong presumption in favor of judicial review of administrative action and [a] longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction."  St. Cyr, 533 U.S. at 298.  In St. Cyr, the Supreme Court held that neither 8 U.S.C. § 1252(g), INA § 242(g), nor 8 U.S.C. § 1105(a) "indicate[s] a congressional intent to repeal habeas jurisdiction."  Chmakov, 266 F.3d at 215.  We agree that "[t]he Court's decision in St. Cyr does not suggest, expressly or implicitly, that its holding that Congress

did not repeal § 2241 by any provision of AEDPA or IIRIRA applies only to criminal aliens." Liu, 293 F.3d at 40. The Third Circuit aptly summarized the INS's position in the following paragraph:

> The INS argues . . . that although the relevant provisions of AEDPA and IIRIRA do not evince a congressional intent to repeal habeas jurisdiction for criminal deportees, they do evince such an intent for non-criminal aliens. That argument borders on the nonsensical. The Supreme Court has held that those provisions have a particular meaning, and that meaning does not indicate a congressional intent to repeal habeas jurisdiction. It simply cannot be that the meaning will change depending on the background or pedigree of the petitioner.

Chmakov, 266 F.3d at 215; see also Liu, 293 F.3d at 40.

We join the reasoning of the Second and Third Circuits and hold that 8 U.S.C. 1105(a) is not the sole remedy for judicial review. The INS did not strip § 2241 federal habeas jurisdiction in either 8 U.S.C. § 1252(g), INA § 242(g), or 8 U.S.C. § 1105(a) because neither contains a clear statement referencing § 2241 as is required when attempting to remove federal habeas jurisdiction. Therefore, we agree with the district court that it had jurisdiction to consider Appellant's challenges to his final deportation order.

We now address whether the district court properly denied the petition on the merits. Appellant originally argued that § 242 of the INA, 8 U.S.C. § 1252, required his release or a hearing to determine whether he was eligible to be released under the guidelines promulgated by the Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001). He asked for "immediate release from custody

under adequate and reasonable supervision." Aplt. Br. at 57. Subsequent to the filing of these appeals, Appellant was granted supervised release.

Section 2241(c)(1) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody." However, the fact that Appellant is no longer in custody does not automatically moot Appellant's petition because he was in custody at the time of filing. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Our inquiry then becomes whether Appellant meets one of the exceptions to the mootness doctrine. We will not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001); see also Sosna v. Iowa, 419 U.S. 393, 399 (1975); Roe v. Wade, 410 U.S. 113, 125 (1973); Sibron v. New York, 392 U.S. 40, 53 (1968); United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953); Southern Utah Wilderness Alliance v. Smith, 110 F.3d 725, 729 (10th Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 294 (10th Cir. 1994); ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 453 (10th Cir. 1991).

We are somewhat concerned about the circumstances surrounding Appellant's release and the potential for the INS to resume Appellant's detention.

However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue. Therefore, based on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.

Appellant then contends that he was denied due process because his counsel's actions and inaction rendered the proceedings so fundamentally unfair that he was prevented from effectively presenting his case, thus making his detention illegal. Since originally making this argument, Appellant filed a Motion to Re-open with the BIA alleging ineffective assistance of counsel. The BIA denied this motion holding that the failure to file the Motion to Re-open within the regulatory time line barred the Motion's consideration.

We must consider whether the BIA abused its discretion in refusing to consider Appellant's Motion to Re-open challenging Appellant's former counsel's ineffective representation. We review the BIA's denial of a motion to re-open for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); INS v. Abudu, 485 U.S. 94, 104-05 (1988).

Appellant argues that the BIA erred in determining that the regulatory time line for filing motions cannot be equitably tolled in circumstances of ineffective assistance of counsel. While the BIA did not specifically hold to this effect, it glossed over the possibility in Appellant's case by failing to initiate a discussion

-8-

detailing Appellant's failure to exercise due diligence. The BIA's entire

resolution of the issue is as follows:

> Certain courts have determined that time and numerical limitations on motions to reopen may be equitably tolled. . . . Even when available, the doctrine of equitable tolling is applied sparingly. Equitable tolling is unavailable when a party fails to exercise due diligence on his own behalf. Here, the respondent admits that he learned of the Board's November 27, 1998, decision in August, 1999. Yet the respondent did not file the pending motion until years later. There is no basis for abrogating the motions deadline here.

Certified Administrative Record at 6-7 (internal citations omitted).

The Second and Ninth Circuits have addressed equitable tolling on motions

to reopen based on claims of ineffective assistance of counsel, holding that the

time and numerical limitations on motions to re-open may be equitably tolled.

Iavorski v. INS, 232 F.3d 124, 134 (2d Cir. 2000) ("Because there is no evidence

that Congress intended to enact a jurisdictional bar to untimely motions to reopen,

the limitations period for such motions may be equitably tolled to accommodate

claims of ineffective assistance of counsel."); see also Socop-Gonzalez v. INS,

272 F.3d 1176 (9th Cir. 2001).

In determining whether a statute of limitations is subject to tolling, "the

basic question . . . is one of legislative intent." Burnett v. New York Cent. R.R.

Co., 380 U.S. 424, 426 (1965) (citation omitted). After an "examin[ation of] the

text, structure, legislative history, and purpose of Congress's 1990 amendment to

the INA," we join the Second and Ninth Circuits and agree that there is "no

indication, either explicit or implicit, that Congress intended that this limitations period not be equitably tolled." Iavorski, 232 F.3d at 130.

Exhaustion of administrative remedies is a right and a duty. The BIA must examine Appellant's situation to determine whether his particular case warrants equitable tolling. The BIA failed to look at any other considerations other than time to determine if Appellant's case warranted equitable tolling. A simple cursory comparison of the date of filing and the regulatory time line for filing motions is not enough. Specifically, the BIA must review Appellant's due diligence along with his attempts to comply with the BIA's requirements detailed in Matter of Lazoda, 19 I. & N. 637, 639 (BIA 1988) (claims of ineffective assistance of counsel require a threefold showing: 1) affidavit detailing agreement with counsel, 2) counsel informed of allegations and given opportunity to respond, and 3) complaint filed with disciplinary authorities).

For the foregoing reasons, we DISMISS AS MOOT the continued detention claim, AFFIRM IN PART, REVERSE IN PART, and REMAND the decision of the district court in 01-1250, and GRANT the Petition and REMAND the decision on the Board of Immigration Appeals in 02-9531 for further consideration consistent with this opinion.