**John H. WATSON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, (INS), Defendant.**

**No. CIV.A. 2:02CV818.**

United States District Court, E.D. Virginia, Norfolk Division.

July 14, 2003.

John S. Watson, Queens, NY, pro se.

Kent P. Porter, Assistant U.S. Attorney, Norfolk, VA, for Defendant.

### *OPINION AND FINAL ORDER*

REBECCA BEACH SMITH, District Judge.

Petitioner John H. Watson ("Watson"), appearing *pro se,* has filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the court DISMISSES the application as moot.

### I. *Factual and Procedural History*

Watson, a Guyanan national, was admitted to the United States as a lawful permanent resident in 1987. Although petitioner's family members are citizens, petitioner never pursued that status. In 1989, petitioner was convicted for attempted grand larceny, for which he was sentenced to eighteen months in jail. Based on this conviction, the Immigration and Naturalization Service ("INS") issued a deportation order, *in absentia,* on June 19, 1992. Petitioner was taken into custody by the INS on April 25, 2000, and was confined in the Rappahanock Regional Jail by the INS until he was deported on December 4, 2002.

On October 21, 2002, petitioner filed this petition for writ of habeas corpus. The sole issue presented by the petition is the length of time petitioner was in custody. At the time the petition was filed, petitioner alleges he had been detained for roughly two and a half years because the United States was unable to obtain a travel document which would permit his return to Guyana. Petitioner sought only release pending deportation, alleging that his prolonged custody for more than six months after his removal order became final violated 8 U.S.C. § 1231, as interpreted by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

The matter was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge filed his report recommending dismissal of the petition on April 25, 2003. By copy of the report, each party was advised of his right to file written objections thereto. On May 9, 2003, respondent objected to the Magistrate Judge's Report and Recommendation to the extent that petitioner's claim was not dismissed as moot. After reviewing the record and making *de novo* findings with respect to the portions objected to, this court agrees with respondent that petitioner's application for writ of habeas corpus is moot.

### II. *Analysis*

██ The INS asserts that the petition should be denied as moot because Watson has been removed from detention and deported. Under Article III, § 2 of the Constitution, a federal court may exercise jurisdiction only over a "case or controversy." The doctrine of mootness derives from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). If events occur subsequent to the filing of a lawsuit that divest the court of the ability to award meaningful relief, the case is moot. *Ross v. Reed,* 719 F.2d 689, 693–94 (4th Cir.1983). To that end, a habeas corpus petition will become moot once the prisoner has been released from custody, unless the petitioner can demonstrate "some sufficient collateral consequence of the underlying proceeding." *Leitao v. Reno,* 311 F.3d 453, 455 (1st Cir.2002); *see also Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

██ Applying the above principles, it is abundantly clear that Watson's petition is

now moot because there exists no active case or controversy. In his petition, Watson's sole relief requested is to be released from detention pending his removal from the United States. Since he was removed from the United States to Guyana on December 4, 2002, Watson is no longer being detained by the INS (or any United States Government entity for that matter). Therefore, no order from this court requiring the INS to release him into the community awaiting his final removal from the United States could have any effect. Any opinion regarding Watson's challenge to his detention "would be purely advisory. This appeal is therefore moot." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001) (citation omitted). Quite simply, "there is nothing for [the court] to remedy, even if [it was] disposed to do so." *Spencer*, 523 U.S. at 18, 118 S.Ct. 978; *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir.2002) (release moots habeas petition challenging length of detention pending deportation); *Soliman v. U.S.*, 296 F.3d 1237, 1243 (11th Cir.2002) (same); *Quinones–Molinar v. INS*, 30 Fed.Appx. 198, 199 (4th Cir., March 6, 2002) (unpublished) (same).[1] Because no live case or controversy exists following Watson's deportation, the petition is **DISMISSED** as moot.

Petitioner is advised that he may appeal from the judgment entered pursuant to this Opinion and Final Order by filing a *written* notice of appeal with the clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of entry of this judgment. For the reasons reflected above, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, also declines to issue a certificate of appealability.

The Clerk **SHALL** mail a copy of this Opinion and Final Order to petitioner at his last known address and to counsel of record for respondent.

**IT IS SO ORDERED.**

---

1. The instant case is distinguishable from the cases cited by the magistrate judge for the proposition that a live controversy exists in some cases even after the alien has been removed. In *Leitao*, for example, the First Circuit held that an alien's removal did not deprive the court of jurisdiction over a challenge to the substantive merits of the removal proceedings, because the court could still grant meaningful relief if the removal was carried out in error. 311 F.3d at 456; *see also Smith v. Ashcroft*, 295 F.3d 425 (4th Cir.2002) (challenge to deportation proceedings not mooted by alien's deportation). In contrast, here, Watson challenges only his detention pending removal. Because that detention ceased with Watson's deportation, the court is unable to provide him with any relief, let alone meaningful relief.