**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL ROBERT HOLLEY,
also known as Charles M. Scarth,

Petitioner-Appellant,

v.

STEVEN L. ANDRASCHKO;
CHARLES DONALDSON,

Respondents-Appellees.

No. 02-3372
(D.C. No. 01-CV-3047-RDR)
(D. Kan.)

MICHAEL ROBERT HOLLEY,
also known as Charles M. Scarth,

Petitioner-Appellant,

v.

MICHAEL A. LANSING,

Respondent-Appellee.

No. 02-3374
(D.C. No. 00-CV-3181-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Michael R. Holley (also known as Charles M. Scarth) filed two 28 U.S.C. § 2241 habeas applications while he was a military prisoner incarcerated in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas. Upon learning that Mr. Holley was no longer in custody, the district court dismissed the applications as moot. In these companioned cases, Mr. Holley, appearing pro se and in forma pauperis, appeals the district court's rulings. This court affirms.

## BACKGROUND

In 1983, following a general court-martial, Mr. Holley began serving a five-year sentence of confinement at hard labor at USDB. He was granted a temporary home parole, restricted to a twenty-five mile radius of his mother's address in Whittier, California, from November 20 to November 27, 1984. He failed to return to USDB at the assigned time and was placed on escape status. Mr. Holley was apprehended in August 1999 in Phoenix, Arizona, and returned to USDB to serve the remainder of his sentence.

On May 15, 2000, Mr. Holley commenced the action appealed as No. 02-3374. He claimed that his imprisonment violated his due process rights, because his maximum release date had been illegally extended from the original date of 1987 to the post-apprehension date of 2001. Later, Mr. Holley attempted to add additional allegations concerning search and seizure, placement in disciplinary segregation, confiscation of his personal property, and the need to indict USDB personnel. While the case was pending, Mr. Holley's sentence expired. He was unconditionally released from confinement on November 20, 2001. The district court dismissed the action on the ground of mootness.

The second habeas action, appealed as No. 02-3372, was filed February 12, 2001. In his application, Mr. Holley again alleged that his sentence was illegally extended and also asserted that he was being held in high-risk disciplinary segregation without justification or due process. As in No. 02-3374, the district court dismissed the matter as moot upon proof of Mr. Holley's release from custody.

**DISCUSSION**

This court reviews the jurisdictional issue of mootness de novo. *Faustin v. City & County of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). A litigant must "continue to have a personal stake in the outcome" of his case in order to satisfy the case or controversy requirement of Article III, § 2 of the Constitution.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted).  We therefore consider whether a case or controversy continues to exist.

Because Mr. Holley was still incarcerated when he filed his habeas applications, the "in custody" provision of § 2241 was satisfied, *see Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002), and his release does not automatically moot his applications, *see Spencer*, 523 U.S. at 7. [1]  However, a § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  To maintain his actions, Mr. Holley must demonstrate that serious collateral consequences of his incarceration exist— *i.e.*, that there is "some concrete and continuing injury."  *Spencer*, 523 U.S. at 7.

Mr. Holley does not make the necessary showing of collateral consequences.  Because he has already been released from custody, "there is nothing for us to remedy."  *Id.* at 18.  "[M]ootness, however it may have come about, simply deprives us of our power to act."  *Id.*  The federal courts "are not in

---

[1]     In pertinent part, § 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless– . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

-4-

the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.*

We agree with the district court that Mr. Holley's habeas actions were mooted by his release from USDB and conclude that the applications were correctly dismissed. The judgments of the district court, in Nos. 02-3372 and 02-3374, are AFFIRMED. Mr. Holley's motion to moot entry of appearance, filed in No. 02-3374, is denied. The mandates shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge