**Jean Carson Volgly REMY, Petitioner–Appellant,**

v.

**Bruce CHADBOURNE, Interim Field Office Director for New England District, Bureau of Immigration and Customs Enforcement, Alberto Gonzalez,**

United States Attorney General, and Dept. Of Homeland Security, Michael Garcia, Assistant Secretary, ICE, Defendants–Appellees.

No. 05–0602–pr.

United States Court of Appeals, Second Circuit.

June 2, 2006.

Jean Carson V. Remy, Oakdale, LA, for Petitioner–Appellant.

Douglas P. Morabito, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief) for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, Defendants–Appellees.

PRESENT: Hon. ROGER J. MINER and Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JANE A. RESTANI,* Chief Judge, U.S. Court of Int'l Trade.

## SUMMARY ORDER

In June 2003, an Immigration Judge ("IJ") ordered Petitioner–Appellant Jean Carson Volgly Remy ("Remy"), a native and citizen of Haiti, deported because of his status as an aggravated felon. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision in December 2003. Remy subsequently filed a petition for habeas relief challenging, *inter alia*, his detention and the BIA's removal order. In December 2004, the United States District Court for the District of Connecticut (Eginton, *J.*) dismissed Remy's habeas petition on jurisdictional grounds. Remy then appealed the District Court's order to us. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

All this time, pending his deportation, Remy was detained by the Immigration and Customs Enforcement ("ICE"). During this period, a panel of this Court solicited from the government an update indicating whether Remy had, in fact, been deported—or, whether he remained in detention. The government acknowledged that Remy had not yet been deported. The case was subsequently scheduled for argument in mid-June 2006.

Prior to argument, however, on May 3, 2006, the ICE released Remy from custody. As a consequence, both Remy and the government moved to dismiss as moot Remy's appeal from the District Court's earlier dismissal of his habeas petition. In addition, Remy asked that we vacate the District Court's decision as moot.

We agree with the parties that, because Remy is no longer in custody, the instant appeal should be dismissed as moot. *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir.2002).

We also conclude that the District Court's decision should be vacated. We

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

have previously said that, "[i]n general, where the appellee has caused the case to become moot, we vacate the district court's judgment to prevent appellee from insulating a favorable decision from appellate review." *Russman v. Bd. of Educ. of the Enlarged Sch. Dist. of the City of Watervliet*, 260 F.3d 114, 122 (2d Cir.2001); *see also Doe v. Gonzales*, 449 F.3d 415, 419 (2d Cir.2006). Because it was the government's decision to release Remy from custody that mooted the appeal, vacatur of the District Court's judgment is proper. *See Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir.2002) ("[W]hen a case becomes moot on appeal, the Court of Appeals must not only dismiss the case, but also vacate the district court's order. This practice clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." (internal quotation marks and citations omitted)).

For the foregoing reasons, we DISMISS Remy's appeal as moot, and we VACATE the District Court's decision.