FILED
United States Court of Appeals
Tenth Circuit

February 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HENRY ISKAK PANJAITAN;
DESI LARASATI; AUDY
PARAMITA PANJAITAN,

Petitioners,

v.

ERIC H. HOLDER, JR.,[*]
Attorney General of the United States,

Respondent.

No. 08-9530
(Petition for Review)

**ORDER AND JUDGMENT**[**]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Petitioners Mr. Henry Iskak Panjaitan, his wife, Ms. Desi Larasati, and

their daughter, Ms. Audy Paramita Panjaitan, seek review of a Board of

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Appeals (BIA) decision denying their untimely motion to reopen removal proceedings. Petitioners assert that the BIA improperly declined to apply equitable tolling to their motion to reopen and inadequately explained its finding that they failed to exercise diligence in pursuing it. We deny the petition for review.

**I**

Petitioners, natives and citizens of Indonesia, entered the United States on July 5, 2000, with authorization to stay for one year. After overstaying their visit, petitioners applied for asylum, restriction on removal, and protection under the Convention Against Torture. Their applications were denied, however, and they were ordered removed to Indonesia. On June 30, 2005, the BIA affirmed the removal order, and we subsequently denied their petition for review, *see Panjaitan v. Gonzales*, 172 F. App'x 870 (10th Cir. 2006).

More than two years after the Board's final decision, on October 15, 2007, petitioners filed with the BIA through new counsel a motion to reopen removal proceedings, arguing that one of their prior attorneys, Mr. Michael Litman, had been ineffective in prosecuting their appeal. The BIA denied this motion on March 31, 2008, finding it untimely and that petitioners failed to act with diligence in filing it. The Board noted that petitioners presumably fired Mr. Litman sometime after their appeal was dismissed and lodged a complaint against him on April 9, 2007, but nevertheless waited until October 15, 2007, to

pursue the motion to reopen. Petitioners now challenge the Board's denial of their motion to reopen.

**II**

"We review the BIA's decision on a motion to reopen for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (quotation omitted). "[T]here is no abuse of discretion when although the BIA's decision is succinct, its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Id.* (quotation omitted).

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Although this ninety-day period may be equitably tolled, *see Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002), the alien must have exercised due diligence in pursuing his case, *Galvez Pineda*, 427 F.3d at 838.

Here, the BIA rendered its final administrative decision on June 30, 2005, and petitioners filed their motion to reopen on October 15, 2007. Their motion was thus clearly untimely. Despite this delay, petitioners argue that equitable tolling should apply because they could not have known that Mr. Litman was ineffective until they retained present counsel on October 12, 2007. We disagree.

-3-

Although the government contends the BIA's adverse decision on June 30, 2005, triggered petitioners' initial duty to inquire into any potential deficiencies in Mr. Litman's representation, tolling may have been appropriate until the time petitioners knew or should have known of Mr. Litman's supposed ineffectiveness, *see id.* But it is simply untenable that this date was not until October 12, 2007, when they retained present counsel. Petitioners filed a complaint against Mr. Litman in the Colorado Supreme Court on April 9, 2007, indicating that they believed at that time that Mr. Litman had been ineffective. Yet they waited another six months to file their motion to reopen. Although petitioners attempt to excuse the delay by asserting that they waited a "reasonable period of time for a response [to their complaint]," Pet'r's Br. at 15, "[r]emovable aliens are not permitted to delay matters by pursuing multiple avenues of relief seriatim when no reason suggests why they could not be pursued simultaneously," *Galvez Pineda*, 427 F.3d at 839. Thus, even if the ninety-day period were tolled from June of 2005 until April of 2007, the motion to reopen filed in October of 2007 was still untimely. Under these circumstances, petitioners exhibited a lack of due diligence and therefore equitable tolling was not appropriate.

Nevertheless, petitioners contend the BIA inadequately explained why it refused to apply equitable tolling, contrary to this court's holding in *Riley* that "the BIA must review [the alien's] due diligence along with his attempt to comply with the BIA's requirements detailed in *Matter of Lozada*, 19 I. & N. [Dec.] 637,

639 (BIA 1988) (claims of ineffective assistance of counsel require a threefold showing: 1) affidavit detailing agreement with counsel, 2) counsel informed of allegations and given opportunity to respond, and 3) complaint filed with disciplinary authorities)," 310 F.3d at 1258.[1] Petitioners argue that the BIA simply compared the filing date of their motion to reopen with the ninety-day filing deadline and concluded that the motion was untimely. This contention is belied by the record, however, because the BIA's decision clearly demonstrates that the Board examined Mr. Litman's response to petitioners' complaint, noted that the complaint was filed in the Colorado Supreme Court on April 9, 2007, and concluded that petitioners did not act diligently in pursuing their motion. This discussion of petitioners' attempt to comply with the administrative requirements for bringing an ineffective assistance of counsel claim satisfies *Riley*. A more protracted explanation for why the BIA refused to apply equitable tolling was unnecessary, especially since petitioners never even raised the issue of equitable tolling with the Board; instead, the BIA considered the issue sua sponte. Accordingly, the BIA acted within its discretion in denying the motion to reopen.

---

[1]     The Attorney General recently overruled portions of *Lozada*, *see In re Compean*, 24 I. & N. Dec. 710 (A.G. 2009), but these decisions have no impact on our disposition.

The petition for review is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge