**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4224
_____

DEVON NUNES,
                              Appellant

v.

THOMAS DECKER, District Director; MARY SOBAL;
ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 11-cv-01430)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2012

Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: May 8, 2012)
_____

OPINION
_____

PER CURIAM

   Devon Nunes, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will dismiss this appeal as moot.

Nunes is a native and citizen of Jamaica. He entered the United States in 1988 as a non-immigrant student to attend Temple University. Nunes last attended school in 2000. The Department of Homeland Security issued a notice to appear in 2009 charging that Nunes is subject to removal from the United States for failing to comply with the conditions of the status in which he was admitted into the country. Nunes was detained without bond.

Through counsel, Nunes conceded that he is removable as charged. An Immigration Judge ("IJ") denied Nunes' request for release on bond based on Nunes' criminal history and his conclusion that Nunes had not shown that he did not pose a danger to the community. The IJ later denied Nunes' application for cancellation of removal. On October 12, 2010, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and issued a final order of removal. We dismissed Nunes' petition for review for lack of jurisdiction. See C.A. No. 10-4209. Nunes then filed a motion to reopen his immigration proceedings in order to apply for adjustment of status. The BIA denied the motion as untimely. Nunes' petition for review is currently pending. See C.A. No. 11-2531.

In August 2011, Nunes filed a habeas petition pursuant to 28 U.S.C. § 2241 in District Court challenging his continued confinement by immigration authorities. Nunes alleged that he had been confined for more than twenty-six months, that his prolonged

detention is unreasonable and unconstitutional, and that he is entitled to release under

Zadvydas v. Davis, 533 U.S. 678 (2001).

In denying habeas relief, the District Court recognized that, once an alien is subject to a final order of removal, the alien is detained during a 90-day "removal period" in order to effectuate his removal. See 8 U.S.C. § 1231(a). If the alien is not removed within 90 days, he may be detained longer pursuant to 8 U.S.C. § 1231(a)(6). Zadvydas, 533 U.S. at 682. This section does not permit indefinite detention, but allows an alien to be detained for a period reasonably necessary to bring about his removal. Id. at 689. Six months in custody is presumptively reasonable, but after this period of time, an alien may be eligible for release if he can show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. The District Court concluded that Nunes did not make this showing. This appeal followed.

After this appeal was fully briefed, the Government filed a motion to dismiss the appeal as moot because U.S. Immigration and Customs Enforcement ("ICE") has released Nunes on an order of supervision. The Government argues there is no longer a live case or controversy for us to decide. Nunes has not filed a response to the Government's motion.

We agree with the Government that this appeal is moot. Nunes has achieved the result he sought in his habeas petition and his change in circumstances has "forestalled any occasion for meaningful relief." Artway v. Att'y Gen., 81 F.3d 1235, 1246 (3d Cir. 1996) (citation omitted). See also Riley v. I.N.S., 310 F.3d 1253, 1257 (10th Cir. 2002)

3

(holding alien's release from detention on an order of supervision mooted his challenge to the legality of his extended detention).

We note that Rosales-Garcia v. Holland, 322 F.3d 386 (6th Cir. 2003) (en banc), where the court held that an appeal of the denial of habeas relief was not moot upon an alien's release from custody, is distinguishable from the present case. In Rosales-Garcia, an alien was paroled under the Cuban Review Plan, which allowed immigration authorities to revoke parole "at any time for almost any reason." Id. at 395. The court explained that the Government had not shown that the alien's potentially indefinite detention could not reasonably be expected to recur. Id. at 397.

In contrast, Nunes was released on an order of supervision, which does not provide for future detention absent Nunes' violation of a condition of his release. See Motion to Dismiss, Ex. B. We cannot assume that Nunes, who acknowledged the conditions of his release in writing, will violate these conditions and place himself at risk of detention. See Honig v. Doe, 484 U.S. 305, 320 (1988) (recognizing unwillingness to assume that a party seeking relief from injury inflicted by authorities will engage in conduct that will place him at risk of that injury). Nunes "will be required to surrender to ICE for removal," but not until a travel document is obtained. See Motion to Dismiss, Ex. A.

Accordingly, we will dismiss this appeal. The Government's motion to dismiss as moot is granted.

4