FILED
United States Court of Appeals
Tenth Circuit

**June 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD McDONALD,

        Petitioner - Appellant,

v.

MICHAEL MURPHY, Warden,
Wyoming Honor Conservation Camp,

        Respondent - Appellee.

No. 13-8086
(D.C. No. 2:13-CV-00018-SWS)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

On January 29, 2013, Appellant Donald McDonald filed an application for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the

constitutionality of prison disciplinary proceedings that led to the loss of his

ability to acquire good time credits. On June 10, 2013, Respondent moved to

dismiss McDonald's application, asserting McDonald was released from

incarceration on May 18, 2013. The district court concluded McDonald's § 2241

petition was moot and further concluded no exception to the mootness doctrine

was applicable. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not

extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution

or laws or treaties of the United States . . . ."); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (discussing the exceptions to the mootness doctrine applicable when a petitioner was in custody at the time he filed his petition for a writ of habeas corpus). Accordingly the district court granted Respondent's motion and dismissed McDonald's § 2241 application.

McDonald is required to obtain a COA before he can appeal the dismissal of his § 2241 application. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). This court cannot grant McDonald a COA unless he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Upon review of the relevant case law, McDonald's appellate brief,[1] and the entire record on appeal, we conclude the issues raised are not reasonably

---

[1]In his § 2241 application, McDonald sought immediate release from detention. In his appellate brief, he appears to argue his application is not moot because he seeks compensatory and punitive damages. Monetary damages are not recoverable in a habeas action. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation and alteration omitted)).

debatable, deserving of further proceedings, or subject to a different resolution on appeal.

Because McDonald has failed to make the requisite showing, he is not entitled to a COA. Accordingly, this court **denies** McDonald's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge