FILED
United States Court of Appeals
Tenth Circuit

**July 7, 2017**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

SHUN CHEN NI,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

     Respondent.

No. 16-9525
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

---

Petitioner Shun Chen Ni seeks review of the Board of Immigration

Appeals's (BIA) denial of his motion to reopen his removal proceedings.

1 R.3–5. Our jurisdiction arises under 8 U.S.C. § 1252(a)(1), and we deny the

petition for review.

Mr. Ni, a Chinese native and citizen, was arrested for shoplifting in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

February 2008.  1 R. 544–45.  The Department of Homeland Security subsequently charged Mr. Ni with being present in the United States without proper admission or parole pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  1 R. 594.

Mr. Ni appeared before an immigration judge.  He indicated he arrived in the United States in October 2002, id. at 524, which made his 2008 asylum application untimely under 8 C.F.R. § 208.4(a)(2).  Mr. Ni alleged two changed circumstances that he says caused his delay: (1) the fact that he has had two children while in the United States might prompt Chinese officials to sterilize him upon returning, and (2) his conversion to Christianity could subject him to religious persecution in China.  1 R. 595–96.  The immigration judge concluded that neither circumstance excused the untimely filing of his application for asylum.  Id. at 596.  But even assuming the asylum application was timely filed, the judge explained that Mr. Ni was not a credible witness, and even if he were, his application failed on the merits.  Id. at 621–22.  His claims regarding withholding of removal and the Convention Against Torture required higher burdens of proof than that for asylum, and were likewise rejected.  Id. at 622.  The immigration judge did, however, grant Mr. Ni voluntary departure.  Id. at 622–23.

In February 2012, the BIA dismissed his appeal for substantially the same reasons, id. at 386–88, and denied Mr. Ni's motion to reconsider later that June, id. at 330–31.  Continuing pro se, Mr. Ni filed a petition for review in July 2012.

About a year later, Mr. Ni's case was transferred from the Second Circuit to the Tenth Circuit, and was dismissed for failure to prosecute. Order, Ni v. Holder, No. 13-9563 (10th Cir. Aug. 13, 2013).

In January 2016, Mr. Ni filed an untimely motion to reopen his removal proceedings. 1 R. 12–18. He argued that the court should toll the filing deadline because (1) his former attorney was ineffective for failing to recognize that he arrived in the United States in 1997, not 2002, which he alleges prevented him from applying for cancellation of removal, and (2) conditions for Christians in China have worsened. Id. at 14–17. That May, the BIA denied Mr. Ni's motion because neither of Mr. Ni's circumstances warranted tolling the deadline. Id. at 3–5. With respect to ineffective assistance, the BIA explained that he failed to exercise diligence in bringing his claims before the BIA and did not show how his former attorney's alleged mistake prejudiced him. Id. at 4. The BIA also concluded that the conditions in China had not materially changed since the immigration judge's 2009 decision. Id. at 4–5.

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion. I.N.S. v. Abudu, 485 U.S. 94, 105 (1988). Motions to reopen may generally only be "filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Mr. Ni's decision was final in June 2012 when the BIA denied reconsideration. Therefore, the motion to reopen, which was submitted in January 2016, was untimely.

But the 90-day deadline may be tolled upon a showing of ineffective assistance of counsel. Riley v. I.N.S., 310 F.3d 1253, 1257–58 (10th Cir. 2002). To make such a showing, Mr. Ni must meet the Lozada procedural requirements[1] and demonstrate that he exercised diligence in pursuing his case during the period he seeks to toll. Id. at 1258. Furthermore, Mr. Ni must show that counsel's ineffective assistance prejudiced him. See Ochieng v. Mukasey, 520 F.3d 1110, 1115 (10th Cir. 2008).

The BIA did not abuse its discretion in denying Mr. Ni's motion to reopen. Mr. Ni has not explained why he waited more than three years to file it. Even assuming he met the Lozada and prejudice requirements, the BIA could readily conclude that he has not demonstrated diligence.

Mr. Ni also argues that the 90-day deadline should not apply to him because persecution against Christians in China has worsened. In support of his argument, he cites 8 U.S.C. § 1229a(c)(7)(C)(ii), which makes the deadline inapplicable if the motion to reopen "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." The BIA did not abuse its discretion in rejecting this argument

---

[1] "[C]laims of ineffective assistance of counsel require a threefold showing: 1) [an] affidavit detailing agreement with counsel, 2) [an indication that] counsel [was] informed of allegations and [was] given [the] opportunity to respond, and 3) [proof that the] complaint [was] filed with disciplinary authorities." Riley, 310 F.3d at 1258 (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1998)).

because Mr. Ni has failed to show that conditions in China have materially changed within the last three years. Indeed, the Chinese government has consistently regulated religion and oppressed underground churches and their members. Because Mr. Ni's tolling arguments are not meritorious, the motion to reopen is untimely.

For these reasons, we DENY the petition for review.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge