**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2421
_____

EZEANI GREGORY IFESINACHI,
                                        Appellant

v.

WARDEN ESSEX COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2:19-cv-19287)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2021

Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed  June 30, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Gregory Ifesinachi Ezeani,[1] a citizen of Nigeria, appeals pro se from the District Court's June 12, 2020 order dismissing his immigration-related habeas petition filed pursuant to 28 U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we exercise de novo review over the District Court's dismissal order.  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

During the pendency of the District Court proceedings, the Department of Homeland Security released Ezeani from immigration detention on his own recognizance.  In light of that development, we agree with the District Court that, to the extent Ezeani sought to challenge the legality of his detention, that aspect of his habeas petition is moot.  See Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").  We also agree with the District Court that, to the extent Ezeani's habeas petition sought to challenge aspects of his removal proceedings, dismissal was appropriate because the proper vehicle for pursuing such a challenge is a petition for review filed in our Court after the agency's issuance of a final

---

[1] Although the District Court docket and the case caption above refer to Appellant as "Ezeani Gregory Ifesinachi," he refers to himself as Gregory Ifesinachi Ezeani.  We follow his lead.

2

order of removal.  See 8 U.S.C. § 1252(b)(9); Tazu v. Att'y Gen., 975 F.3d 292, 294 (3d Cir. 2020).  Ezeani's bald contention that the District Court was biased against him is unpersuasive, and none of the other arguments presented in his briefing warrants disturbing the District Court's decision.

In view of the above, we will affirm the District Court's order dismissing Ezeani's habeas petition.