**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2648
_____

GURPREET SINGH,
                                        Appellant

v.

WARDEN BERGEN COUNTY JAIL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-00047)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2022

Before:  KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed September 20, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Gurpreet Singh is a native of India who is subject to a final order of removal to that country. He appeals from the District Court's August 9, 2021 order denying his 28 U.S.C. § 2241 petition, which challenged his then-ongoing immigration detention.

In June 2022, Immigration and Customs Enforcement ("ICE") released Singh from detention based on its determination that "[c]urrently, there is no significant likelihood that [Singh] will be removed in the reasonably foreseeable future, despite the Service's and [Singh's] efforts to effect removal." 3d Cir. Docket # 26-2, at 4; see Zadvydas v. Davis, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [pursuant to 8 U.S.C. § 1231(a)(6)] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). In light of this development, this appeal is now moot, and we will dismiss it on that basis. See Djadju v. Vega, 32 F.4th 1102, 1105-09 (11th Cir. 2022); Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").[1]

---

[1] Although Singh fears that ICE will unlawfully detain him in the future, that fear is based merely on speculation. See generally Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 106 (3d Cir. 1992) ("Government officials are presumed to act in good faith.").