**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARTHE GBOGBO; DAVY
CYRILLE ASSIE,

  Petitioners,

  v.

ALBERTO R. GONZALES, Attorney
General,

  Respondent.

No. 05-9544
(No. A76-898-401)
(Petition for Review)

**ORDER AND JUDGMENT***

Before **TYMKOVICH, McKAY**, and **BALDOCK**, Circuit Judges.

Marthe Gbogbo, a native and citizen of the Ivory Coast, petitions for

review of the Board of Immigration Appeals' (BIA's) order denying her motion to

---

*       After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

reconsider the denial of her motion to reopen removal proceedings based upon ineffective assistance of counsel.[1] We deny the petition for review.

## Background

On December 28, 1998, Gbogbo filed an application for asylum and withholding of removal based on her fear of female genital mutilation (FGM) if she returned to the Ivory Coast. After holding a hearing, the immigration judge (IJ) denied: (1) asylum because her application was untimely and she did not show extraordinary circumstances excusing her late filing; (2) withholding of removal because she did not show a clear probability of persecution; and (3) withholding under the Convention Against Torture because she could not establish a clear probability of torture by the Ivory Coast government, which had outlawed FGM. The IJ granted voluntary departure. Gbogbo filed a timely notice of appeal. Her appellate brief was due on June 19, 2000, but her first attorney, Patrick C. Hyde, failed to file a brief. On September 25, 2002, the BIA summarily affirmed the IJ's decision.

On October 25, 2002, Gbogbo filed a first motion to reconsider and to file a late brief. The motion stated that Hyde mailed a motion for extension of time to file the appellate brief on June 17, 2000, but the BIA did not rule on the motion.

---

[1] Although we refer only to Gbogbo throughout this decision, it also applies to her minor son Davy Cyrille Assie, who is also a native and citizen of the Ivory Coast.

In its May 1, 2003 order denying the motion to reconsider and to file a late brief, the BIA decided that Gbogbo never established a motion for extension had been filed timely with the BIA. The BIA further decided that without the granting of an extension, the brief was due on the deadline, June 19, 2000; Gbogbo mailed the motion for extension to the wrong address; and even if it had granted an extension, the extension would have been for only twenty-one days. Accordingly, the BIA declined to accept the brief that Gbogbo was seeking to file two years late.

Gbogbo obtained a second attorney, Mark J. Curley, in March 2004. Curley learned of Hyde's failure to file an appellate brief at least by March 29, 2004. *See* R. at 45 (letter from Hyde to Colorado Supreme Court Attorney Regulation Counsel indicating that Hyde was in possession of letter dated March 29, 2004 from Curley on behalf of Gbogbo). Curley began taking steps to reopen the appeal on the grounds of ineffective assistance of counsel. As is required by *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988),[2] *petition denied*,

---

[2]    As is relevant to this case, *Lozada*, 19 I. & N. Dec. at 639, requires three attachments to a motion to reopen: (1) an affidavit by the alien setting forth the agreement with prior counsel with regard to an appeal; (2) former counsel's response to the allegations; and (3) if former counsel's handling of the case involved an alleged ethical or legal violation, the complaint filed with the appropriate disciplinary authority. In addition to meeting these procedural requirements, *Lozada* also requires the alien to prove actual prejudice due to counsel's ineffective assistance. *Id.* at 638.

857 F.2d 10 (1st Cir. 1988), Gbogbo filed a complaint against Hyde with the Colorado Supreme Court in April 2004. *See* R. at 7 (motion to reconsider). On August 23, 2004, Gbogbo filed a motion to reopen, asserting that Hyde provided ineffective assistance of counsel by failing to file a timely appellate brief with the BIA. Along with the motion to reopen, and in compliance with *Lozada*, 19 I. & N. Dec. at 639, Gbogbo filed her affidavit indicating that Hyde had agreed to file an appellate brief, Hyde's response to her allegations, and proof of her filing a disciplinary complaint against Hyde.

The BIA denied the motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2) (requiring that motion to reopen be filed within ninety days of BIA's decision). It also declined to apply equitable tolling, finding that Gbogbo failed to show due diligence because there was a five-month gap between her retaining Curley's representation and filing the motion to reopen. Thereafter, Gbogbo filed a second motion for reconsideration, explaining that the motion to reopen had not been filed sooner because Curley was waiting for the Colorado Supreme Court to complete its investigation. The BIA denied reconsideration, finding that Curley's strategy for a delayed filing was not a good reason for delay because *Lozada* only required the filing, not the resolution, of a disciplinary complaint. Represented by a third attorney, Gbogbo appeals.

-4-

## Analysis

### A.

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's discretionary denial of the motion to reconsider, because Gbogbo's petition for review raises "constitutional claims and legal questions." *Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005) (discussing REAL ID Act).[3] We review the BIA's decision to deny the motion to reconsider for an abuse of discretion. 8 C.F.R. § 1003.2(a).

### B.

Gbogbo first argues that the BIA abused its discretion in denying her motion for reconsideration because it failed to consider that Curley strategically waited for the conclusion of the disciplinary investigation against Hyde before filing the motion to reopen. We conclude that the BIA did not abuse its discretion. The BIA's decision rationale was clear, the BIA did not depart from

---

[3] Under 8 U.S.C. § 1229a(c)(6)(A), "[t]he alien may file one motion to reconsider a decision that the alien is removable from the United States." Nonetheless, because Gbogbo raises constitutional and legal claims, the REAL ID Act provides jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing . . . in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

its well-established policies, and the BIA's decision was a correct interpretation of the law. *See Galvez Piñeda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005).

The Fifth Amendment guarantees aliens the right to fundamentally fair deportation proceedings. *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002). An alien can state a Fifth Amendment violation by proving that counsel was ineffective and therefore the alien did not receive a fundamentally fair proceeding. *Id.* An ineffective assistance of counsel claim can be raised in a motion to reopen. *Id.*

"A motion to reopen 'must be filed no later than 90 days after the date on which the final administrative decision was rendered.'" *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quoting 8 C.F.R. § 1003.2(c)(2)). Gbogbo filed her motion to reopen on August 23, 2004, nearly two years after the BIA's September 25, 2002 decision affirming the IJ's decision. The motion to reopen therefore was untimely.

But the 90-day time period may be extended by equitable tolling. *Galvez Piñeda*, 427 F.3d at 838. Tolling may have been appropriate up to the time that Gbogbo knew or should have known of prior counsel's failure to file a brief with the BIA. *See id.* Nonetheless,

> [f]or an untimely claim to receive the benefit of equitable tolling, . . . an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but

-6-

that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll.

*Mahamat*, 430 F.3d at 1283 (quotation omitted).

Gbogbo argues that she acted with due diligence because Curley strategically waited until the disciplinary investigation of Hyde was complete before filing her motion to reopen. Apparently, Curley believed that waiting until completion of the investigation would strengthen his ability to argue prejudice to Gbogbo by Hyde's representation. In addressing this argument, the BIA correctly determined, however, that *Lozada* required only that a disciplinary complaint be filed. *See Lozada*, 19 I. & N. Dec. at 639; *see also Galvez Piñeda*, 427 F.3d at 839 (petitioner should file based on *Lozada* and explain any unavoidable delay in complying with *Lozada* requirements). Strategically waiting for the disciplinary investigation to end was not an exercise of the requisite due diligence. *Id.* Gbogbo could have filed the motion to reopen while the investigation was pending and within a ninety-day period of time when she learned of prior counsel's ineffectiveness. Because Gbogbo failed to prove due diligence, equitable tolling is not available to extend the ninety-day limitation. Thus, the BIA did not abuse its discretion in denying the motion to reconsider.

## C.

Next, Gbogbo argues that if, as the BIA implied, Curley should not have delayed filing the motion to reopen due to a mistaken belief that he had to wait

for the completion of the disciplinary investigation of Hyde, the BIA abused its discretion in failing to consider whether Curley provided ineffective assistance of counsel. She admits, however, that she has not presented an argument concerning Curley's representation to the BIA. We do not have jurisdiction to consider this unexhausted argument. *See Galvez Piñeda*, 427 F.3d at 837 (citing *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam)).

## Conclusion

We conclude the BIA did not abuse its discretion in denying Gbogbo's motion to reconsider its denial of her motion to reopen. Accordingly, the petition for review is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge