FILED
United States Court of Appeals
Tenth Circuit

September 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARSEN HAKHINYAN,

      Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

      Respondent.

No. 08-9586
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Petitioner Arsen Hakhinyan seeks review of a decision by the Board of

Immigration Appeals (BIA) denying his untimely motion to reopen and/or reissue

a removal order based on ineffective assistance of counsel. Mr. Hakhinyan

asserts that the BIA improperly declined to apply equitable tolling to his motion

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and erroneously found that he failed to exercise due diligence in pursuing it. We deny the petition for review.

## I. Background

Mr. Hakhinyan, a native and citizen of Armenia, entered the United States on or about July 1, 2000, with authorization to stay for one year. Shortly before that year elapsed, Mr. Hakhinyan applied for asylum which was apparently denied because, on December 11, 2001, the INS issued a Notice to Appear charging Mr. Hakhinyan with removability for having overstayed his visa. At a hearing before an immigration judge (IJ), Mr. Hakhinyan conceded he was removable, but renewed his request for asylum and sought withholding of removal, protection under the Convention Against Torture, and voluntary departure.

Those applications were denied, but Mr. Hakhinyan was granted the privilege of voluntary departure. Mr. Hakhinyan, through his attorney, filed a timely appeal to the BIA, indicating that he would not file a brief on appeal. On April 30, 2004, the BIA affirmed the removal order. No appeal was taken to this court.

On February 6, 2008, almost four years after the BIA's final decision, Mr. Hakhinyan, proceeding pro se, filed with the BIA a motion to reopen removal proceedings and to reissue its prior decision (hereafter "motion to reopen"), arguing that his prior attorney had been ineffective in prosecuting his administrative appeal by failing to submit a brief to the BIA. On October 6,

2008, the BIA denied the motion to reopen finding it untimely and refusing to toll the ninety-day filing period. *See* 8 C.F.R. § 1003.2(c)(2). In doing so, the BIA found that Mr. Hakhinyan failed to act with due diligence in filing the motion.

The BIA noted that, while Mr. Hakhinyan substantially complied with the requirements for bringing ineffective assistance of counsel claims as set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988),[1] nothing in his personal affidavit specified that he had contracted with counsel to file a brief on appeal. In response to Mr. Hakhinyan's contention that his attorney failed to inform him of the BIA's denial of his appeal, thus preventing him from filing a timely motion to reopen or an appeal to this court, the BIA noted that, approximately forty days after the BIA's decision denying his appeal, Mr. Hakhinyan received a "bag and baggage" letter.[2] That letter put Mr. Hakhinyan on notice that his appeal had been denied. The BIA observed, however, that "[d]espite learning of the Board's dismissal at that time, the respondent has failed to show the requisite due

---

[1] While this matter was pending, then-Attorney General, Michael Mukasey, partially overruled the decision in *Lozada*. *See Matter of Compean,* 24 I. & N. Dec. 710 (A. G. 2009) (*Compean I*). *Compean I*, however, applied only to claims raised after its publication date of January 7, 2009. Even if *Compean I* had not recently been vacated by Attorney General Holder, *see Matter of Compean,* 25 I. & N. Dec. 1 (A. G. 2009), *Lozada* would have still applied to Mr. Hakhinyan's ineffective assistance claim.

[2] A "bag and baggage" letter "issues once the government determines that there is no further administrative relief available to an alien who is subject to an order of removal, and instructs the alien to appear at a specified location and time for removal." *Singh v. Gonzales*, 494 F.3d 1170, 1172 n.3 (9th Cir. 2007).

diligence to toll the nearly 4 years' delay in filing his motion. . . . Specifically, knowing he had an outstanding 'bag and baggage' letter, instead of reporting to immigration authorities as he was required to do, he moved to California, and then failed to take action to resolve his immigration status in the nearly 4 years prior to filing the instant motion." Admin. R. at 2-3. The BIA similarly denied Mr. Hakhinyan's motion to reissue its prior decision, in part, because of his failure to establish due diligence in filing the claim. *Id.* at 3. Mr. Hakhinyan now challenges the BIA's denial of his motion to reopen.

## II. Appellate Jurisdiction

The BIA decision denying Mr. Hakhinyan's motion to reopen was issued on October 6, 2008. The Immigration and Nationality Act requires that Mr. Hakhinyan's petition for review be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The thirty-day time limit is a "mandatory and jurisdictional" prerequisite. *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (quotation omitted). Mr. Hakhinyan's petition for review was filed in this court on December 17, 2008, well beyond the thirty-day time limit. Respondent has filed a motion to dismiss for lack of jurisdiction based on this late filing. For the reasons explained below, we deny that motion and proceed to the merits.

On November 5, 2008, within the time for perfecting an appeal, this court received a cover letter and pro se petition for review from Mr. Hakhinyan. While

Mr. Hakhinyan's cover letter was addressed to this court, the caption on his petition for review identified the Eleventh Circuit as the court being appealed to, and the petition incorrectly stated on the first page that the initial proceedings had been conducted before an immigration judge in Atlanta, Georgia, making jurisdiction appropriate only in the Eleventh Circuit. Our clerk's office, therefore, transferred the petition to the Eleventh Circuit. The Eleventh Circuit received the transferred petition on November 10, 2008, and, on January 7, 2009, dismissed it for lack of jurisdiction, reasoning that by November 10, the petition was untimely. Alternatively, and contrary to the statement in the petition, the Eleventh Circuit realized that this court is the proper venue for review because the immigration hearing had actually been conducted in Denver, Colorado. In the meantime, Mr. Hakhinyan filed his "motion to admit his timely petition for review and to assert jurisdiction" with this court. That motion was filed on December 17, 2008.

We agree with respondent that the December 17, 2008 filing was untimely. It is our obligation, however, to administer the business of this court fairly and in the interest of justice. We, therefore, exercise our discretion to assert jurisdiction over the petition for review timely "received" in this court on November 5, 2008, and then transferred to the Eleventh Circuit. The original petition was filed on November 5, 2008, within the statutory time, and in the Tenth Circuit, the correct court. We find support for this solution in the transfer statute, where even a

-5-

misfiled petition will carry with it, to the proper court upon transfer, the filing date upon which it was actually filed, albeit in the wrong court. 28 U.S.C. § 1631 ("[T]he action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.").

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's discretionary denial of the motion to reopen because Mr. Hakhinyan's petition for review, based on a claim of ineffective assistance of counsel, raises "constitutional claims and legal questions." *Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005); *see also Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) (holding court of appeals has jurisdiction to review claim of ineffective assistance of counsel).

We review the BIA's decision to deny the motion to reopen for an abuse of discretion. *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation omitted). "[T]here is no abuse of discretion when . . . [the BIA's] rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Id*. (quotation omitted).

## III.  Discussion

Mr. Hakhinyan argues that his motion to reopen should have been considered timely because it was filed within ninety days of discovering the extent of his former counsel's ineffectiveness.  A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered."  8 C.F.R. § 1003.2(c)(2).  Although this ninety-day period may be equitably tolled, *see Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002), the alien must have exercised due diligence in pursuing his case, *Galvez Piñeda*, 427 F.3d at 838.

As mentioned, the BIA found that Mr. Hakhinyan failed to show due diligence in the four years between the issuance of the Board's denial of his appeal and the filing of his motion to reopen sufficient to warrant tolling of the ninety-day period for filing the motion.  Mr. Hakhinyan argues that only after he received information pursuant to the Freedom of Information Act in November of 2007 did he understand the contours of his ineffectiveness claim.  We agree with the BIA, however, that once Mr. Hakhinyan received his "bag and baggage" letter, approximately forty days after the BIA denied his appeal, he was on notice that he had lost his appeal and needed to file a motion to reopen or appeal to this court if he was to proceed further.  When Mr. Hakhinyan was unable to contact his former counsel, he made no attempt then to obtain his file from the agency.  Indeed, as noted by the BIA, instead of reporting to authorities as required after

-7-

receipt of his "bag and baggage" letter, Mr. Hakhinyan moved to California and did nothing to challenge the removal order for almost four years. The BIA did not abuse its discretion in refusing to toll the filing requirements for the motion to reopen.

Mr. Hakhinyan sees inconsistency in the fact that the BIA, in denying his motion to reopen as untimely, stated that he had substantially complied with the *Lozada* requirements. Compliance with *Lozada*, however, does not insure the success of a motion to reopen based on ineffective assistance of counsel if the motion itself and the *Lozada* compliance comes, as it did here, too late.

Throughout his brief, Mr. Hakhinyan argues both the merits of his ineffective assistance claim and his challenge to the IJ's underlying order of removal. Those issues are not before us, however. This appeal concerns solely whether the BIA erred in denying Mr. Hakhinyan's motion to reopen based on untimeliness. We conclude that the BIA did not abuse its discretion. The BIA's decision rationale was clear, the BIA did not depart from its well-established policies, and the BIA's decision was a correct interpretation of the law. *See Galvez Piñeda*, 427 F.3d at 838.

We GRANT respondent's motion to proceed on appeal without prepayment of costs or fees.  Respondent's motion to dismiss for lack of jurisdiction and the petition for review are  DENIED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge