**Anna Rafaela VACCARO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–9583.

United States Court of Appeals, Tenth Circuit.

July 13, 2011.

Bernadette Cox McGuire, McGuire Law Firm, P.C., Lakewood, CO, for Petitioner.

David V. Bernal, Yedidya Cohen, General Counsel, Shelley Goad, United States Department of Justice Office of Immigration Litigation, Tim Ramnitz, U.S. Department of Justice, Washington, DC, DOH/EOIR/BIA, Attn: Certification Unit, Falls Church, VA, John Longshore, Director, DHS Immigration and Customs Enforcement, Centennial, CO, for Respondent.

Before BRISCOE, Chief Judge, EBEL and O'BRIEN, Circuit Judges.

**ORDER AND JUDGMENT***

MARY BECK BRISCOE, Chief Judge.

Petitioner Anna Rafaela Vaccaro petitions for review of an order of the Board of

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Appeals (BIA or Board) that denied her motion to reopen her removal proceedings. We dismiss the petition for lack of jurisdiction.

Petitioner is a native and citizen of Eritrea and a citizen of Italy. She entered the United States in January 2001 as a visitor and married a United States citizen later in 2001. In April 2002, she was granted conditional residency status based on her marriage, and she filed for divorce in May. The divorce was final in August 2002, and petitioner's conditional residency was terminated. She subsequently married another United States citizen.

Petitioner was placed in removal proceedings in 2006 with the burden to show that her first marriage was bona fide at its inception. *See* Admin. R. at 139–140. She was represented by counsel at least from January 2007 to January 2008, when that attorney was allowed to withdraw. *See id.* at 3. A year later, on February 3, 2009, she appeared pro se at a hearing before the immigration judge (IJ). At the conclusion of the hearing, the IJ entered an order denying her request for another continuance to find new counsel, concluding that she had not met her burden to prove her marriage was bona fide, and ordering her removed to Italy or, in the alternative, to Eritrea. *Id.* at 138–39, 143–44.

On March 2, 2009, petitioner timely filed an appeal with the BIA, arguing that the IJ erred in deciding that she had not entered into her marriage in good faith. *Id.* at 104, 129. She did not, however, raise the two issues in that appeal that she raises in the petition for review now before us: that the IJ denied her constitutional right to procedural due process when he denied her request for another continuance and failed to advise her of her right to counsel at the February 3, 2009, hearing. *See* Pet. Br. at 11, 15, 21.

On May 24, 2010, while her administrative appeal was still pending, petitioner filed a motion to remand the proceeding to the IJ on the basis of her second marriage. *See* Admin. R. at 38–40. On May 28, 2010, the BIA dismissed her appeal and denied the motion to remand. *Id.* at 32–33 & n. 1. Petitioner did not file a petition for review from that decision in this court. Rather, on August 2, 2010, petitioner filed a motion to reopen with the BIA, raising the procedural due process issues she also raises in the petition for review now before us. *See id.* at 13, 15, 18–19.

The BIA denied petitioner's motion to reopen on October 27, 2010. *Id.* at 3. Considering the motion as it was styled, the BIA held that petitioner's motion to reopen was timely, but she did not present any new facts supported by evidentiary material to support reopening. *Id.* (citing 8 C.F.R. § 1003.2(c)(1), which provides that a motion to reopen must state new facts supported by evidentiary material); *see also Wei v. Mukasey,* 545 F.3d 1248, 1251 (10th Cir.2008) (noting that under 8 U.S.C. § 1229a(c)(7)(B), a motion to reopen is filed "to permit consideration of additional information" and must state new facts supported by evidentiary material); 8 C.F.R. § 1003.2(c)(2) (providing that a motion to reopen must be filed within ninety days of the final administrative decision in the proceeding sought to be reopened).

The BIA also alternatively construed petitioner's August 2, 2010, motion to reopen as a motion to reconsider because petitioner alleged that the BIA erred in its May 28, 2010, order dismissing her appeal from the IJ's February 3, 2009, decision. Admin. R. at 3; *see Wei,* 545 F.3d at 1251 (noting that a motion to reconsider under 8 U.S.C. § 1229a(c)(6)(C) is filed "because of alleged errors in the BIA's analysis"). The BIA decided that when the motion was construed as a motion to reconsider, it was untimely. Admin. R. at 3; *see* 8 C.F.R. § 1003.2(b)(2) (providing that a

"motion to reconsider ... must be filed ... within 30 days after the mailing of the Board decision"). The BIA also decided that petitioner did not present an exceptional situation warranting the exercise of its discretion to sua sponte reconsider its prior decision. *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). The BIA reasoned that although petitioner "allege[d] that her due process rights were violated when the Immigration Judge denied her motion for a continuance ... and did not advise her of her right to counsel[,]" there was no error—and therefore no exceptional situation—because she was represented by counsel from January 2007 to January 2008, and the IJ had previously granted petitioner a continuance of more than a year to obtain new counsel after her former counsel withdrew. Admin. R. at 3–4. This petition for review followed.

 We dismiss the petition because petitioner failed to exhaust her administrative remedies with respect to her two procedural due process issues. An alien's "[f]ailure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it." *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 837 (10th Cir.2005). The government raised the exhaustion issue in its response brief, but petitioner did not address exhaustion in her opening brief and did not file a reply brief to respond to the government's jurisdictional arguments. Based on our review of the record, we conclude that the government's argument has merit.

Although some constitutional issues need not be exhausted because the BIA has no power to decide them, the BIA can correct procedural errors, so aliens must exhaust procedural due process issues. *Vicente–Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir.2008) (discussing exhaustion

requirement of 8 U.S.C. § 1252(d)(1)). However, "[w]e have recognized in a variety of contexts that untimely filings with administrative agencies do not constitute exhaustion of administrative remedies." *Galvez Piñeda*, 427 F.3d at 838.

Petitioner did not raise her due process issues in her appeal to the BIA. Moreover, her motion to reopen, which did raise those issues, is ineffective to confer jurisdiction on this court because that motion was untimely when construed as a motion to reconsider to assert error in the BIA's analysis. We also lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to consider petitioner's untimely motion to reconsider the IJ's decision, because that decision is left to the BIA's unfettered discretion. *Belay–Gebru v. INS*, 327 F.3d 998, 1000–01 (10th Cir.2003).

DISMISSED.