**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 3, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KATHERINE JOHANA LEON-MOLINA;
MAKAYLA CALDERON-LEON,

      Petitioners,

v.

MERRICK B. GARLAND, United States
Attorney General,

      Respondent.

No. 24-9504
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Petitioners Katherine Johana Leon-Molina and her daughter Makayla

Calderon-Leon filed applications for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT").  An immigration judge ("IJ") denied

the applications.  The Bureau of Immigration Appeals ("BIA") dismissed Petitioners'

appeal after they failed to file a brief, then denied their subsequent motion to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

reconsider and accept a late-filed brief. Petitioners now seek review of the denial of the motion to reconsider. Exercising jurisdiction under 8 U.S.C. § 1252, we deny their petition.

## I. Background

Petitioners are citizens of El Salvador who entered the United States in May 2021. The Department of Homeland Security initiated removal proceedings against them in August 2021. They conceded removability and filed applications for asylum, withholding of removal, and CAT protection, basing their claims on threats made by an El Salvadoran gang against Petitioners' husband and father.

The IJ denied the applications in a decision issued March 10, 2022, and Petitioners timely appealed to the BIA. In their notice of appeal, Petitioners asserted the IJ erred in concluding they were ineligible for asylum, withholding of removal, and CAT protection—but they did not address the IJ's specific findings. Instead, the notice indicated Petitioners would file a separate written brief. The BIA issued a briefing schedule setting the deadline for Petitioners' brief on August 15, 2023. Petitioners, however, did not file a brief. Three months after the deadline, the BIA dismissed the appeal under 8 C.F.R. § 1003.1(d)(2)(i)(A) & (E).

Petitioners then filed a motion asking the Board to accept a late-filed appeal brief. The motion asserted that Petitioners' counsel never received a hard copy of the briefing schedule. The BIA construed the motion as one to reconsider, reinstate the appeal, and accept the late-filed brief submitted with the motion. It denied the motion, noting that it sent the briefing schedule to Petitioners' counsel via email and

the email had not been returned as undeliverable. The BIA therefore concluded it had afforded Petitioners an opportunity to file a brief and had not deprived them of due process. This petition for review followed.

## II. Discussion

Ms. Leon-Molina and her daughter petition this court for review of the BIA's denial of their motion to reconsider. We have jurisdiction to do so. *See Mata v. Lynch*, 576 U.S. 143, 147 (2015); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). We review for an abuse of discretion. *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015); 8 C.F.R. § 1003.2(a). Thus, we will reverse the BIA only if it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quotations omitted).

Petitioners do not argue the BIA abused its discretion in denying their motion to reconsider. Indeed, Petitioners' motion did not even argue the BIA erred in summarily dismissing their appeal. Instead, they requested the BIA to accept a late-filed appeal brief because Petitioners' counsel had not received a hard copy of the briefing schedule. Even accepting counsel's representation, the BIA denied the motion because the BIA's electronic records showed it emailed the briefing schedule to Petitioners' counsel on a date certain and the email had not been returned as undeliverable. This explanation was rational and therefore well within the BIA's discretion.

3

Petitioners also argue the BIA should have accepted their late-filed appeal brief under the doctrine of equitable tolling. *See In re Morales-Morales*, 28 I&N Dec. 714, 717 (BIA 2023) (adopting equitable tolling rule set forth in *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The government argues Petitioners did not invoke the doctrine in their motion to reconsider, and therefore the argument is unexhausted. *Mahamat*, 430 F.3d at 1283 ("The issue of equitable tolling must be exhausted through the BIA in order for this court to reach this issue."). But even if Petitioners had exhausted the issue, they concede equitable tolling is subject to an abuse of discretion standard. *See Berdiev v. Garland*, 13 F.4th 1125, 1129 (10th Cir. 2021). They do not argue the BIA abused its discretion, and we discern no such abuse of discretion.

Finally, Petitioners attempt to challenge the merits of the underlying decision, arguing the IJ erred in holding Petitioners did not establish past persecution or a well-founded fear of persecution on account of a protected ground. But they are procedurally barred from raising these arguments. In *Galvez Piñeda v. Gonzales*, 427 F.3d 833 (10th Cir. 2005), the petitioners failed to file an appeal brief, leading to the BIA's summary dismissal of their appeal. *Id.* at 837. In their petition to this court, the petitioners sought to challenge the IJ's underlying decision on the merits. *Id.* We rejected the attempt, holding that "we will not permit the petitioner[s] to circumvent proper procedural requirements of the BIA by presenting contentions that were procedurally barred by the [BIA]." *Id.* Petitioners likewise cannot circumvent the BIA's procedural requirements in this case.

4

## III.  Conclusion

We uphold the BIA's denial of Petitioners' motion to reconsider and deny the petition.

Entered for the Court


Bobby R. Baldock
Circuit Judge