FILED
United States Court of Appeals
Tenth Circuit

November 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SURYA BAHADUR GURUNG,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 12-9538
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Surya Bahadur Gurung, a native and citizen of Nepal, petitions for review of

an order of the Board of Immigration Appeals ("BIA"). The BIA dismissed his

appeal from an immigration judge ("IJ") decision denying his motion to reopen his

application for asylum, withholding of removal, and protection under the Convention

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Against Torture ("CAT").  The IJ denied the motion to reopen as untimely.

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

**I**

Gurung entered the United States in 2002 and filed an application for asylum, withholding of removal, and protection under the CAT in 2003.  In support of his application, Gurung stated that he and his family had been repeatedly persecuted by the Maoist insurgency in Nepal.

Gurung's application was referred to the immigration court, which charged him as removable.  An IJ scheduled a hearing on Gurung's application for October 2004, but Gurung's attorney advised him not to appear at the hearing.  The attorney erroneously told Gurung he would be deported immediately if he attended.  Shortly before the hearing, Gurung's attorney moved to withdraw from the case—apparently without Gurung's knowledge or consent—and attached a letter reminding Gurung of the hearing.  However, the letter was not addressed to Gurung's correct address and he did not receive it.

Gurung failed to appear at the hearing and as a result, the IJ issued an in absentia order of removal.  A copy of the order was sent to Gurung's last known address, but Gurung had since moved and he apparently did not receive it.

In 2010, Gurung obtained a new attorney, who learned that Gurung's first attorney had a record of misconduct and lacked legal status in the United States. After filing a complaint against the first attorney with the Colorado Supreme Court,

Gurung moved to reopen his removal proceedings. Gurung argued that his circumstances demanded an exception to the normal 180-day filing deadline following an in absentia order because he received ineffective assistance of counsel and complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988) (holding that a party moving to reopen based on a claim of ineffective assistance of counsel must provide an affidavit attesting to the relevant facts, give former counsel notice and an opportunity to respond to the allegations, and, in certain cases, file a complaint with the appropriate disciplinary authorities). Gurung contended that his first attorney had provided him with defective advice and that he missed his immigration hearing based on that guidance. The IJ agreed that Gurung had received ineffective assistance of counsel, but nevertheless denied the motion as untimely because Gurung failed to exercise due diligence in raising the claim.

Gurung appealed the IJ's decision to the BIA, arguing that he failed to attend the merits hearing because his attorney warned him not to appear. Gurung alleged that he did not learn about the in absentia order until 2010, shortly before moving to reopen his application.

The BIA dismissed Gurung's appeal. Even if Gurung received ineffective assistance of counsel, the BIA concluded he failed to establish that the 180-day deadline to file a motion to reopen should be equitably tolled because he did not adequately explain the approximately six-year delay in raising the issue.

## II

We review the denial of a motion to reopen as untimely under an abuse of discretion standard. Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Id. (quotation omitted). Under 8 U.S.C. § 1229a(b)(5)(C)(i), an in absentia removal order may be rescinded upon a motion to reopen filed within 180 days after the date of the order and a showing that the applicant's failure to appear was due to exceptional circumstances. Gurung does not contend that his motion to reopen was timely. He instead argues that equitable tolling should apply based on his first attorney's ineffective assistance of counsel.[1]

Ineffective assistance of counsel may toll the filing period for a motion to reopen. Riley v. INS, 310 F.3d 1253, 1258 (10th Cir. 2002). Beyond a showing of ineffective assistance, an alien must also show that he exercised due diligence in pursuing the case during the period the alien seeks to toll. Mahamat v. Gonzales, 430 F.3d 1281, 1283 (10th Cir. 2005). In reviewing such a claim, the BIA must give more than "[a] simple cursory comparison of the date of filing and the regulatory

---

[1] Under 8 U.S.C. § 1229a(b)(5)(C)(ii), Gurung's in absentia order could be rescinded upon a motion to reopen filed at any time if Gurung demonstrated that he did not receive notice of his hearing. But even though Gurung alleges that he did not receive certain notices—including a copy of the in absentia order—he does not contend that he lacked notice of the hearing. His argument on appeal instead relies on the fact that his attorney told him not to attend the hearing.

-4-

time line for filing motions." Riley, 310 F.3d at 1258. It must also examine the applicant's due diligence and his attempts to comply with the requirements outlined in Matter of Lozada. Id.

Gurung argues that in this case, the BIA abused its discretion by relying on only a cursory comparison of the date of the in absentia order and the date he moved to reopen, instead of evaluating the specific facts of his case. However, in identifying the significant time that had elapsed between the in absentia order and Gurung's motion to reopen, the BIA emphasized that Gurung failed to adequately explain why he waited so long to file his motion. The BIA acknowledged Gurung's general explanation that he learned of the in absentia order only after he went to an attorney who checked on his case and discovered misconduct by the prior attorney. But Gurung failed to explain or justify why he did not contact an attorney for nearly six years, except to argue that the nature of his first attorney's advice made him afraid to inquire about his case. Given the paucity of facts and explanations provided by Gurung about what, if anything, he did during the approximately six-year delay in filing a motion to reopen, it was reasonable for the BIA to decide that he had not exercised due diligence. The BIA therefore did not abuse its discretion when it concluded Gurung's motion to reopen was untimely.

For the foregoing reasons, the petition for review is DENIED.

Entered for the Court


Carlos F. Lucero
Circuit Judge