FILED
United States Court of Appeals
Tenth Circuit

January 31, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LIN YAN,

       Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

       Respondent.

No. 13-9548
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Lin Yan petitions for review of the Board of Immigration Appeals' decision

denying him asylum and other relief.  Mr. Yan had argued that, if returned to his

home country of China, he will face persecution for opposing that country's "one

child" policy.  The immigration judge assigned to Mr. Yan's case, however, found

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Yan simply not credible. The BIA agreed with that finding, explaining that "[t]he record supports the Immigration Judge's finding that [Mr. Yan] submitted false documents, that he testified inconsistently regarding events that underpin his application for relief, and that material discrepancies exist between his testimony and documents that he submitted to support his claims." R. at 3. Further, the BIA agreed with the immigration judge that Mr. Yan did not plausibly explain discrepancies, inconsistencies, and omissions in the evidence.

Mr. Yan urges this court to hold the agency's credibility determination itself incredible. Credibility determinations, however, "are factual findings . . . subject to the substantial evidence test." *Sarr v. Gonzales*, 474 F.3d 783, 789 (10th Cir. 2007) (internal quotation marks omitted). Thus, the BIA's credibility findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Considering all circumstances and relevant factors, a lack-of-credibility determination can be based on inconsistencies in the petitioner's testimony, inconsistencies between his testimony and the documentary evidence, inaccuracies or falsehoods, or implausible explanations. *See id.* §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C); *Chaib v. Ashcroft*, 397 F.3d 1273, 1278 (10th Cir. 2005).

Reviewing the record in accord with these standards, we conclude that the BIA's adverse credibility findings were based on substantial evidence. Mr. Yan's concession that he provided a false document supports the agency's finding. The

hearing transcript clearly shows, as well, that Mr. Yan had many opportunities during the hearing to explain significant inconsistencies but failed to do so. *See Diallo v. Gonzales*, 447 F.3d 1274, 1283 (10th Cir. 2006). And these inconsistencies were themselves clearly material to his applications for asylum, withholding of removal, and protection under the CAT. *See id.*

Mr. Yan asserts that the BIA should have rejected the immigration judge's adverse credibility determination because the immigration judge failed to identify each and every example of Mr. Yan's lack of credibility, saying instead there were too many to list. The difficulty is, Mr. Yan fails to cite any authority, and we have found none, requiring an enumeration of all incredible incidents of an alien's testimony. To be sure, an agency must give us enough to ascertain whether sufficient evidence supports an adverse credibility determination. But this isn't a case where that much is lacking. The BIA and immigration judge both gave "specific, cogent reasons for disbelieving" Mr. Yan's testimony. *Sarr*, 474 F.3d at 789 (internal quotation marks omitted). The fact other, additional examples of his incredibility may or may not exist in the record does not detract from those that the agency specifically identified and discussed.

Next, Mr. Yan asserts that the immigration judge considered only a 2004 State Department report on country conditions in China and did not consider a 2010 human rights report on China. But as it happens the immigration judge stated that he had looked at all of the record, which included the 2010 report. *See Alzainati v. Holder*,

568 F.3d 844, 851-52 (10th Cir. 2009) (deciding agency's reference to documents allayed constitutional concern that agency did not consider documents and claimed failure to address documents in order was a dispute about the amount of detail required in agency analysis). Besides, Mr. Yan fails to cite any portion of the 2010 report that is materially contrary to either the 2004 or 2007 reports, both of which the immigration judge explicitly referenced.

Lastly, Mr. Yan argues the immigration judge violated his due process rights when he informed counsel about his full afternoon schedule and asked how long the hearing would last. According to Mr. Yan, this inquiry intimidated his attorney, leading the attorney to refrain from conducting a meaningful re-direct examination to re-establish his credibility. Mr. Yan, however, never presented this argument to the BIA, and he cannot prevail now on an argument he failed to exhaust administratively. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1236-37 (10th Cir. 2010). Besides, to prevail on a due process claim, "an alien must establish not only error, but prejudice," and before us Mr. Yan can establish neither. *Alzainati*, 568 F.3d at 851. There was no error because the immigration judge allowed Mr. Yan's hearing to continue, cancelling other scheduled hearings to give this case priority. Nothing in the record indicates the immigration judge pressured Mr. Yan or his counsel to end the hearing prematurely. Instead, the immigration judge explicitly informed them that counsel had a right to re-direct. Neither was there any prejudice

- 4 -

because Mr. Yan fails to indicate what additional testimony he would have presented if given additional time.

As to the due process argument, we dismiss Mr. Yan's petition for failure to exhaust. As to the remainder of the petition for relief, it is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge