FILED
United States Court of Appeals
Tenth Circuit

June 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LIN YAN, a/k/a Yan Lin,

 Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

 Respondent.

No. 15-9570
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Lin Yan petitions for review of a decision of the Board of Immigration

Appeals (Board) denying his motion to reconsider. We deny the petition.

*Background*

Mr. Yan, a native and citizen of China, was charged in removal proceedings

with being an alien who illegally entered the United States. He admitted that he was

removable and filed an application for asylum, withholding of removal and protection

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the Convention Against Torture. In July 2011, the immigration judge issued a decision denying his application and ordered him removed to China. Mr. Yan appealed to the Board, which upheld the immigration judge's decision. The final administrative order of removal was entered on March 28, 2013. A motion to reopen, if any, was due ninety days thereafter, which was on or about June 26, 2013. *See* 8 C.F.R. § 1003.2(c)(2). But instead of filing a motion to reopen, on April 26, 2013, Mr. Yan, through a new law firm, filed a petition for review in this court of the Board's decision. We denied the petition in January 2014. *Yan v. Holder*, 559 F. App'x 658, 659 (10th Cir. 2014).

It was not until February 2015, that Mr. Yan, through new counsel, filed a motion to reopen in which he alleged ineffective assistance of counsel. The Board denied the motion because it was untimely and otherwise failed to meet the requirements of an ineffective assistance claim. Mr. Yan then filed a motion to reconsider. The Board found no error of fact or law in its previous decision and denied the motion. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider shall specify the errors of law or fact in the previous order); *see also Matter of O-S-G-*, 24 I. & N. Dec. 56, 57 (BIA 2006) (the purpose of a motion to reconsider is to allow the Board to reexamine the facts or law it allegedly overlooked in its original decision).

### *Standard of Review*

We review the Board's decision to deny a motion to reconsider for an abuse of discretion. *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015). "The [Board] abuses its discretion when its decision provides no rational explanation,

2

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (internal quotation marks omitted). However, "[t]here is no abuse of discretion when the [Board's] rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the [Board's] decision is succinct." *Id*. (internal quotation marks omitted).

Mr. Yan advances two arguments: (1) the Board did not properly consider his diligence when it rejected his argument for equitable tolling and (2) he met the requirements for an ineffective assistance of counsel claim. Because we conclude that the Board did not abuse its discretion in concluding that Mr. Yan was not entitled to equitable tolling and his motion to reopen was untimely, we need not address the ineffective assistance claim.[1]

### *Analysis*

The deadline for filing a motion to reopen based on ineffective assistance of counsel can be equitably tolled. *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005). Tolling, however, is available only if an alien has exercised due

---

[1] Mr. Yan mentions that the Board's determination that he failed to prove prejudice was wrong. *See Matter of Lozada*, 19 I. & N. Dec. 637, 638-39 (BIA 1988) (holding that among other things, an alien must establish prejudice to obtain relief on an ineffective assistance of counsel claim). But Mr. Yan never argues any error of fact or law as to the Board's determination that he failed to establish prejudice, which in turn means that we will not consider the issue. *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) ("We have . . . declined to make arguments for the appellant that it did not make in its briefs.") (brackets and internal quotation marks omitted).

diligence in pursuing the case during the requested tolling period. *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002).

After examining Mr. Yan's affidavit in support of the motion to reopen, the Board concluded that he failed to prove the required diligence between the time his motion to reopen was due, which was on or about June 26, 2013, and February 11, 2015, when the motion was filed. Briefly, Mr. Yan's affidavit established that instead of looking for counsel to pursue a motion to reopen following entry of the final order of removal on March 28, 2013, he hired new counsel to pursue a petition for review in this court. Further, it was not until this court denied the petition in January 2014 that he sought further help: "After the petition to review was dismissed, I immediately sought help from several attorneys. I wanted to find an alternative path to lawful status or a way to vindicate myself. Each of them told me that nothing could be done. . . . I . . . tr[ied] until I met my current attorney [who] explained to me [in November 2014] what had happened at the hearing." R. at 97.

The Board found that Mr. Yan should have been aware of his lawyer's alleged deficiencies when the immigration judge announced his decision at the hearing, and in any event, his efforts to move forward with his case between June 2013, when the motion to reopen was due, and February 2015, when the motion was filed, were not supported by the dates or names of the lawyers he claimed to have consulted. As such, the Board concluded that equitable tolling was inappropriate and the motion to reopen was untimely.

4

In his motion to reconsider, Mr. Yan argued that the Board erred by establishing a bright line for determining when an alien acts with due diligence. The Board explained that no such rule exists in the Tenth Circuit, citing *Maatougui v. Holder*, 738 F.3d 1230, 1243-46 (10th Cir. 2013), *Mahamat*, 430 F.3d at 1283, *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838-39 (10th Cir. 2005), and *Riley*, 310 F.3d at 1258. It further explained that its decision was based on a careful examination of his affidavit and the other relevant facts—not a bright line test. In particular, the Board stated: "We properly applied the applicable standards set forth by the Tenth Circuit to [Mr. Yan's] evidence, and appropriately found that his evidence was not sufficient to meet his burden to establish due diligence." R. at 4. Mr. Yan's "vague statement that he consulted with other attorneys [during the tolling period], without names and dates, is not sufficient to meet his burden." *Id.*

In his petition for review, Mr. Yan argues that the Board "erred as a matter of law [because he] demonstrated that he pursued his claim of ineffective counsel with due diligence." Pet. Opening Br. at 32. He accuses the Board of holding him "to an overly stringent burden of proof in requiring him to detail the names and dates of every attorney he met with during the relevant time period." *Id.* at 34.

We must first put to rest Mr. Yan's attempt to establish, by his own ipse dixit, "the relevant time period," which he says is November 2014, when he first learned that a motion to reopen provided a potential avenue for relief. Mr. Yan's affidavit clearly states that he did not begin his search for yet another lawyer until after this court denied his first petition for review in January 2014.

5

The problem for Mr. Yan is that the Board did not make its lack of due diligence finding *solely* on the grounds that Mr. Yan failed to provide the name or date of any lawyer he met with between January 2014 and November 2014. Instead, the Board explained in its order denying the motion to reopen that Mr. Yan apparently did nothing between the conclusion of his hearing in July 2011 and January 2014, even though he should have been aware of his counsel's failings:

> [Mr. Yan's] assertion that he contacted other attorneys about how to pursue his case but each told him that nothing could be done, and that present counsel informed him in November, 2014, that he could pursue a motion to reopen based on ineffective assistance, is not supported by evidence of the dates and names of his contacts with other attorneys to support his claim of diligence. . . . *Moreover*, his list of alleged failures of his former counsel before, during, and after his 2011 removal proceedings, such as a failure to obtain accurate translation of his household registration booklet, indicates that he was aware of his counsel's alleged errors *well before* his present counsel informed him in 2014 that he could seek reopening based on the ineffective assistance of his former counsel.

R. at 42 (emphasis added).

"Removable aliens are not permitted to delay matters by pursuing multiple avenues of relief *seriatim* when no reason suggests why they could not be pursued simultaneously." *Galvez Pineda*, 427 F.3d at 839 (emphasis added). There is no reason to suggest that Mr. Yan could not have pursued his ineffective assistance of counsel claim along with his petition for review. More to the point, Mr. Yan offered no evidence of any diligence whatsoever prior to January 2014—more than six months after the motion to reopen was due.

As a final point, Mr. Yan argues that the Board was required to, but did not, accept his affidavit as true. But the Board did not reject the affidavit as untruthful—

6

it concluded instead that it was not sufficiently detailed to meet his burden to prove diligence. In particular, the Board noted that even though Mr. Yan had been told in the order denying his motion to reopen that his affidavit was not sufficiently detailed, he still failed to provide the "attorney" information in his motion to reconsider.

The petition for review is denied.

Entered for the Court


Mary Beck Briscoe
Circuit Judge